IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-220-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

On June 4, 2013, pursuant to a written plea agreement, Timothy Smith ("Smith") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 28 grams of cocaine base (crack). See [D.E. 135, 137]. On September 6, 2013, the court held Smith's sentencing hearing. See [D.E. 142, 143]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Smith's total offense level to be 25, his criminal history category to be V, and his advisory guideline range to 100 to 125 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Smith to 120 months' imprisonment. See id.; [D.E. 142, 143, 144]. Smith did not appeal.

On October 6, 2015, Smith moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 167]. Smith's new advisory guideline range is 84 to 105 months' imprisonment, based on a total offense level of 23 and a criminal history category of V. See Resentencing Report. Smith requests a 101-month sentence. See id.; [D.E. 167].

The court has discretion to reduce Smith's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam)

(unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Smith's sentence, the court finds that Smith engaged in serious criminal behavior. See PSR [D.E. 139] ¶¶ 16–22. Moreover, Smith is a violent recidivist and has convictions for possession of cocaine, discharging a firearm in the city, possession with intent to sell and deliver cocaine, resisting a public officer, and possession of a firearm by a felon. See id. ¶¶ 26–37. Smith also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 30, 33, 51–57. Nonetheless, Smith has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Smith received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Smith's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Smith's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Smith's motion for reduction of sentence [D.E. 167].

SO ORDERED. This 19 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge

2