UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-220-D2

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| TIMOTHY SMITH | |

On July 21, 2022, the United States Probation Office for the Eastern District of North Carolina filed a motion to revoke defendant Timothy Smith's term of supervised release. See [D.E. 197]. On August 22, 2022, Mr. Smith filed a notice of consent to waive his revocation hearing and requested a sentence of one day in custody to be served at the direction of the probation office and a modification of his supervised release conditions for participation in the HOPE Court program. See [D.E. 201]. The United States and the United States Probation Office support Mr. Smith's motion. Both agree with revocation of Mr. Smith's term of supervised release; a sentence of one day in custody to be served at the direction of the probation office; and a modification of his supervised release conditions for participation in the HOPE Court program. See id. at 2. As explained below, the court grants Mr. Smith's motion.

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violations outlined in the motion for revocation. See Fed. R. Crim. P. 32.1 (b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). In his motion, Mr. Smith admits violation 1, which alleges using a controlled substance. See [D.E. 201] 1 & n. 3. Mr. Smith also asks to waive his hearing and have the court resolve the matter on the pleadings. See [D.E. 201] 1-2.

A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at

500; United States v. Stehl, 665 F.2d 58, 59-60 (4th Cir. 1981); see also Fed. R Crim. P. 32.1 (c)(l)-(2). The court finds that Mr. Smith has knowingly and voluntarily waived his right to a hearing under Rule 32.1; and the court accepts Mr. Smith's knowing and voluntary waiver and his admission of the violation.

As for the disposition, on September 6, 2013, this court sentenced Mr. Smith to 120 months' imprisonment and a 48-month term of supervised release for violating 21 U.S.C. §§ 846 and 21 U.S.C. § 841(b)(1)(B). See [D.E. 143]. Mr. Smith's original term of supervised release began on October 28, 2021. See [D.E. 197]. Since that date, Mr. Smith's violation has involved using a controlled substance. See id. In fashioning a supervised release revocation sentence, the court focuses on the breach of trust. See U.S.S.G. Ch. 7, Pt. A(3)(b). The sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of the court-ordered supervision." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006) (quotation omitted); see U.S.S.G. Ch. 7, Pt. A(3)(b).

The violation outlined in the motion for revocation is a grade C violation. Mr. Smith is not in custody. His policy statement range is 7 to 13 months' imprisonment based on a grade C violation and a criminal history category of V. See U.S.S.G. § 7B1.4 (a); PSR ¶ 39. On August 4, 2022, Mr. Smith was accepted into the HOPE Court program. The parties agree that an appropriate sanction for Mr. Smith is revocation and a sentence of one day in custody to be served at the direction of the probation office, and to allow Mr. Smith to participate in the HOPE Court program. Having considered the entire record, the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, and the relevant factors in 18 U.S.C. § 3553(a), the court adopts the parties' recommendation.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the policy statement range, it would still sentence Mr. Smith to one day in custody to be served at the direction of the probation office, and to allow Mr. Smith to participate in the HOPE Court program in light of the entire record and the section 3553(a) factors. See 18

U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382-86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161-65 (4th Cir. 2012).

WHEREFORE, the court finds that Timothy Smith has violated the terms and conditions of the judgement as follows:

1. Using a controlled substance.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the supervised release term is revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of one day to be served at the direction of the probation office.

IT IS FURTHER ORDERED that the defendant be placed on a new 36-month term of supervision under the standard and special conditions previously ordered. Additionally, the defendant shall participate in a cognitive behavioral program as directed by the United States Probation Office.

IT IS FURTHER ORDERED that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein. Any notice of appeal must be filed within 14 days.

SO ORDERED. This **23** day of **August** 2022.

JAMES C. DEVER III
United States District Judge